UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SEAN MCFEETERS                                                                                    PLAINTIFF

v.                                            No. 2:19-CV-02121

SYKES ENTERPRISES, INC.                                                                     DEFENDANT

## OPINION AND ORDER

Before the Court is Plaintiff Sean McFeeters's ("McFeeters") motion to remand (Doc. 8) and brief in support (Doc. 9). Defendant Sykes Enterprises, Inc. ("Sykes") filed a response (Doc. 10). Sykes filed a notice of removal (Doc. 1) on September 25, 2019, asserting this Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because there was complete diversity of citizenship and the amount in controversy exceeded $75,000. McFeeters argues Sykes has not satisfied its burden to prove the amount in controversy is sufficient for federal jurisdiction and requests remand and attorney's fees.

"The district courts of the United States . . . 'are courts of limited jurisdiction . . . possess[ing] only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal courts must strictly construe the federal removal statute and resolve any ambiguities about federal jurisdiction in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). A defendant in state court may remove the case to federal court if the defendant can demonstrate the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). In removal cases, the party asserting federal jurisdiction has the burden of proof and must show, by a preponderance of the evidence, that the amount in controversy requirement has been met. *In re Minn. Mut. Life Ins. Co. Sales*

*Practices Litig.*, 346, F.3d 830, 834 (8th Cir. 2003). In determining the amount in controversy, the Court looks first to the complaint and the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." *See McClendon v. Chubb Corp.*, 2011 WL 3555649 at *2 (W.D. Ark. 2011). Jurisdiction is determined at the time of removal. *See Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012).

McFeeters's complaint seeks relief for alleged violations of the Arkansas Medical Marijuana Amendment, Amendment 98 of the Arkansas Constitution, and Arkansas Civil Rights Act. (Doc. 3, ¶ 3). The complaint states "the plaintiff seeks no more than $75,000 in total monetary recovery in this matter, including damages, lost wages, attorneys, and court costs." *Id.* McFeeters's complaint does not state an amount in controversy sufficient for federal jurisdiction. There is nothing in the record before the Court to suggest this claim is not made in good faith.

In the notice of removal, Sykes alleges the amount in controversy is approximately $130,794.20 and not less than $75,000 as claimed in the complaint. (Doc. 1, ¶ 40). As the party asserting jurisdiction, Sykes has the burden to show by a preponderance of the evidence that the amount in controversy is satisfied. Sykes contends that if McFeeters prevails on his claims, he will be entitled to $31,709 in back pay, $31,709 in front pay, $30,000 in compensatory damages, and $37,367.20 in attorney's fees.

The only evidence Sykes presented was a letter sent by Sykes to McFeeters describing the job offer. (Doc. 1-2). According to the letter, McFeeters was to be paid "$12.50 per hour, plus additional incentive compensation of 3% of [McFeeters's] monthly salary, and a robust benefits package." (Doc. 1, ¶ 19). Based on the hourly rate and incentives, Sykes claims McFeeters would be potentially entitled to back pay of $2,266.00 per month from June 17, 2019 to August 20, 2020 for a total of $31,709.00.

The remainder of damages Sykes claims McFeeters is entitled to are not supported by any evidence. Sykes only relies upon case citations where damages for front pay, compensatory damages, and attorney's fees have been awarded. Sykes does not allege any facts specific to this case that would show McFeeters is entitled to front pay, other damages, or attorney's fees under the precedent Sykes cites. Sykes is unable to show that the $130,794.20 damage amount alleged, or any more than $75,000, is in controversy. In its response, Sykes again offers no evidence to support the amount of damages claimed in the notice of removal. Because Sykes has not presented any evidence of the amount in controversy besides back pay, Sykes has failed to show by a preponderance of the evidence that the amount in controversy is greater than $75,000.

IT IS THEREFORE ORDERED that Plaintiff Sean McFeeters's motion to remand (Doc. 8) is GRANTED, and the case is remanded to the Crawford County Circuit Court. Plaintiff's request for attorney's fees associated with the motion to remand is DENIED.

IT IS SO ORDERED this 5th day of November, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE